IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OSCAR CHEVARRIA, on behalf of himself, and all other plaintiffs similarly situated, known and unknown, <br><br> Plaintiff <br><br> v. <br><br> BUHRMAN DESIGN GROUP INC., AND WILLIAM L. BUHRMAN, INDIVIDUALLY <br><br> Defendants | No. <br><br> Honorable Judge <br><br> Magistrate Judge <br><br> **JURY DEMAND** |

## COMPLAINT

NOW COMES Plaintiff, OSCAR CHEVARRIA, on behalf of himself and all other Plaintiffs similarly situated, by and through his attorneys, JOHN W. BILLHORN AND NEIL KELLEY, and for his complaint against Defendants, BUHRMAN DESIGN GROUP INC., AND WILLIAM L. BUHRMAN, INDIVIDUALLY, states as follows:

### I. NATURE OF ACTION

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.* and the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS §115/1 *et seq.*

### II. JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*, and for the supplemental Illinois statutory claims, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois, Eastern Division in that during all times relevant to the employment relationship, Plaintiff regularly performed work in this district and is a resident of this district and Defendants are or was engaged in business in this district.

### III. THE PARTIES

3. Defendant, **BUHRMAN DESIGN GROUP INC.,** provides landscaping maintenance, nursery design, and landscape planting and construction services. As such, Defendant's services qualify as an "enterprise" as defined by Section 3(r)(2)(A) of the FLSA, 29 U.S.C. § 203(r)(2)(A), as well as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(B), 29 U.S.C. §203(s)(1)(B). During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4. Defendant, **WILLIAM L. BUHRMAN**, is the owner and operator of Defendant, **BUHRMAN DESIGN GROUP INC.,** and at all times relevant hereto was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon herein, is an "employer".

5. Plaintiff, **OSCAR CHEVARRIA** (hereinafter referred to as "the named Plaintiff"), is a former employee who performed work for Defendants as a landscaping laborer.

6. All other unnamed Plaintiffs known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for Defendants as described above.

7. As employees performing duties for an enterprise engaged in commerce, the named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

8. The claims brought herein by the named Plaintiff are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices alleged herein.

9. The non-compliant practices as alleged herein were part of a variety of practices and policies implemented and maintained by Defendants and are common to a group or "class" of past and present employees.

10. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

IV. **STATUTORY VIOLATIONS**

### Collective Action Under The Fair Labor Standards Act

11. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of himself and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

### Illinois Minimum Wage Law

12. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV.

### Class Action under the Illinois Wage Payment and Collection Act

13. Pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS §115/1 *et seq.*, Count V of this action is brought by the named Plaintiff as a Fed. R. Civ. P. 23 Class Action to recover unauthorized deductions taken on or after the date ten (10) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count V.

## V. FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

14. The named Plaintiff, at all times pertinent to the cause of action, was employed by Defendants, said employment being integral and indispensable to Defendants' business.

15. Defendants employed named Plaintiff, and members of the Plaintiff class, at an hourly rate of pay.

16. The named Plaintiff, and members of the Plaintiff Class, worked in excess of 40 hours per week throughout their employment with Defendants, and were denied time and one half their regular rate of pay for all hours worked over 40 in a workweek pursuant to the requirements of the federal and state statutes herein relied upon.

17. Defendants have, both in the past and presently, willfully employed members of the Plaintiff Class, including the named Plaintiff, requiring work to be performed off the clock, without pay for that time. Plaintiff and members of the Plaintiff class regularly worked more hours during their work week than they were compensated on their paycheck. This work off the clock was without pay as required pursuant to the federal and state statues herein relied upon.

18. In some instances, the unpaid time as described above should have been compensated at time and one-half the workers' regular hourly rates because if the unpaid time was properly treated as compensable, the workers would have worked over 40 hours in particular workweeks. In other instances, the unpaid time should have been compensated at the workers' regular hourly rates pursuant to the requirements of the federal and state statues herein relied upon.

19. Furthermore, Plaintiff and members of the Plaintiff class experienced weekly deductions from their pay checks for uniforms. These weekly deductions were unlawful and without contemporaneous written authorization by Plaintiff and members of the Plaintiff class as required by the federal and state statutes herein relied upon.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-19. Paragraphs 1 through 19 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 19 of this Count I.

20. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, and the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.,* the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours, in any week during the two (2) years preceding the filing of this action.

21. Defendants have at all times relevant hereto failed and refused to pay compensation to their employees, including the named Plaintiff herein, and all other Plaintiffs similarly situated, known and unknown, as described above.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) awarding prejudgment interest with respect to the total amount of unpaid overtime compensation; awarding Plaintiffs' reasonable attorney's fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(c) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-21. Paragraphs 1 through 21 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 21 of Count II.

22. Defendants' actions as complained of above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes.

23. Pursuant to the Fair Labor Standards Act, Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) awarding Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d) for such additional relief the Court deems appropriate under the circumstances.

## COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-23  Paragraphs 1 through 23 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 23 of Count III.

24. In denying the named Plaintiff and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds.

25. The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding liquidated damages equal to the amount of all unpaid compensation;

(b) awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c) for such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-25. Paragraphs 1 through 25 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 25 of this Count IV.

26. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

27. The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for an additional penalty in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

28. Defendants' failure to pay compensation as described above, has been willful and/or in bad faith.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendants to pay to Plaintiff's reasonable attorney's fees, costs, and litigation expenses, as provided by statute;

(e) for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT V

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT
### UNAUTHORIZED DEDUCTIONS

1-28. Paragraphs 1 through 28 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 28 of this Count V.

29. Throughout the course of Plaintiff's and the Plaintiff class' employment, they had an employment relationship with Defendants, and an employment agreement, established by the present and prior conduct of the parties evincing their intent to be parties to an employer-employee relationship.

30. During the course of Plaintiff's and the Plaintiff class' employment, Defendants made deductions from their wages for uniforms.

31. Such deductions (1) were not required by law; (2) were not to Plaintiff's or the Plaintiff class' benefit; (3) were not in response to a valid wage assignment or wage deduction order; and (4) were not made pursuant to a valid and compliant contemporaneous authorization form, signed and dated by Plaintiff and the Plaintiff class.

32. Defendants violated the IWPCA, 820 ILCS 115/9, by making unauthorized and unlawful deductions from Plaintiff's wages.

33. Plaintiff was damaged by Defendants' violation of the IWPCA.

34. This Count V is brought as a R. 23 class action, because although the precise number is unknown, the Plaintiff class is so numerous that joinder of their claims would be impracticable.

35. The deductions present common questions of law and fact which predominate over variations that exist in the Plaintiff class, and the named Plaintiff's claims as to deductions are typical of those presented by the putative class.

36. Moreover, Plaintiff is an appropriate and adequate representative of the Plaintiff class, and Plaintiff's counsel is competent in the field of wage and hour claims including collective and class actions.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Wage Payment and Collection Act;

(b) awarding an amount of damages pursuant to the formula set forth in the IWPCA, Section 115/14(a);

(c) ordering Defendants to account for unauthorized deductions to Plaintiff and the class Plaintiffs represent and entering judgment in Plaintiff's and the Plaintiff class' favor;

(d) directing Defendants to pay to Plaintiff his reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(e) for such additional relief it deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 09/07/2017*

/s/ John W. Billhorn
_____
John William Billhorn

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 840
Chicago, IL 60604
(312) 853-1450


/s/ Neil Kelley
Neil Kelley

FARMWORKER & LANDSCAPER ADVOCACY PROJECT
33 N. LaSalle Street, Suite 900
Chicago, IL, 60602
nkelley@flapillinois.org
(312) 784-3541


Attorneys for Plaintiff, and all other Plaintiffs similarly situated, known or unknown.